21-6611
Farhad v. Garland

BIA
Schoppert, IJ
A202 075 498

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 5th day of March, two thousand twenty-four.

PRESENT:
>       REENA RAGGI,
>       JOSEPH F. BIANCO,
>       BETH ROBINSON,
>               *Circuit Judges.*

_____

YEASIN FARHAD,
>       *Petitioner,*

>       v.                                                  **21-6611**
>                                                           **NAC**

MERRICK B. GARLAND, UNITED
STATES ATTORNEY GENERAL,
>       *Respondent.*

_____

FOR PETITIONER:                     Xiaotao Wang, Esq., Law Office of Xiaotao
                                    Wang, P.C., New York, NY.

**FOR RESPONDENT:**  Brian M. Boynton, Principal Deputy Assistant Attorney General; Sabatino F. Leo, Assistant Director; Tatiana G. Pino, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Yeasin Farhad, a native and citizen of Bangladesh, seeks review of a November 3, 2021 decision of the BIA, affirming a March 27, 2019 decision of an Immigration Judge ("IJ"), which denied his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Yeasin Farhad*, No. A202 075 498 (B.I.A. Nov. 3, 2021), *aff'g* No. A202 075 498 (Immigr. Ct. N.Y. City Mar. 27, 2019). We assume the parties' familiarity with the underlying facts and procedural history.

Under the circumstances, we have considered both the IJ's and BIA's decisions. *Wangchuck v. Dep't of Homeland Sec., Immigr. & Customs Enf't*, 448 F.3d 524, 528 (2d Cir. 2006). We review an adverse credibility determination "under the substantial evidence standard," *Hong Fei Gao v. Sessions*, 891 F.3d 67, 76 (2d Cir. 2018), and "the administrative findings of fact are conclusive unless any

2

reasonable adjudicator would be compelled to conclude to the contrary," 8 U.S.C. § 1252(b)(4)(B).

"Considering the totality of the circumstances, and all relevant factors, a trier of fact may base a credibility determination on the demeanor, candor, or responsiveness of the applicant or witness, . . . the consistency between the applicant's or witness's written and oral statements (whenever made and whether or not under oath, and considering the circumstances under which the statements were made), the internal consistency of each such statement, [and] the consistency of such statements with other evidence of record . . . without regard to whether an inconsistency, inaccuracy, or falsehood goes to the heart of the applicant's claim, or any other relevant factor." 8 U.S.C. § 1158(b)(1)(B)(iii). "We defer . . . to an IJ's credibility determination unless, from the totality of the circumstances, it is plain that no reasonable fact-finder could make such an adverse credibility ruling." *Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 167 (2d Cir. 2008); *accord Hong Fei Gao*, 891 F.3d at 76.

The agency found Farhad not credible as to his claim that members of the Bangladesh Awami League threatened and attacked him on account of his membership in the Bangladesh Nationalist Party ("BNP"). Although Farhad

3

challenges the agency's adverse credibility determination, which is dispositive of all his claims, we conclude that his challenge is without merit. As set forth below, the agency's determination is supported by substantial evidence and is dispositive of all forms of relief sought. *See Hong Fei Gao*, 891 F.3d at 76 ("Where the same factual predicate underlies a petitioner's claims for asylum, withholding of removal, and protection under the CAT, an adverse credibility determination forecloses all three forms of relief.")

The agency reasonably found that Farhad's demeanor gave the impression that he was testifying from a memorized statement rather than from a recollection of his experiences. *See Li Hua Lin v. U.S. Dep't of Justice*, 453 F.3d 99, 109 (2d Cir. 2006) (recognizing that adverse credibility determination may be based in part on a finding "that the applicant is testifying from a script rather than from experience"). The agency also reasonably found that his testimony was inconsistent with other record evidence regarding when he first participated in political activities, whether he was subjected to false lawsuits, whether his father was physically assaulted, and how many times he went to police. *See* 8 U.S.C. § 1158(b)(1)(B)(iii); These inconsistencies, which Farhad did not compellingly explain, provide substantial evidence for the agency's adverse credibility

4

determination. *See Likai Gao v. Barr*, 968 F.3d 137, 145 n.8 (2d Cir. 2020) ("[E]ven a single inconsistency might preclude an alien from showing that an IJ was compelled to find him credible. Multiple inconsistencies would so preclude even more forcefully."); *Majidi v. Gonzales*, 430 F.3d 77, 80 (2d Cir. 2005) ("A petitioner must do more than offer a plausible explanation for his inconsistent statements to secure relief; he must demonstrate that a reasonable fact-finder would be *compelled* to credit his testimony." (internal quotation marks omitted)).

Moreover, the adverse credibility determination is bolstered by the lack of reliable corroboration. *See Biao Yang v. Gonzales*, 496 F.3d 268, 273 (2d Cir. 2007) ("An applicant's failure to corroborate his or her testimony may bear on credibility, because the absence of corroboration in general makes an applicant unable to rehabilitate testimony that has already been called into question."). Farhad's submission of identical affidavits purportedly from various BNP officials further undermined his credibility. *See* 8 U.S.C. § 1158(b)(1)(B)(iii); *Mei Chai Ye v. U.S. Dep't of Just.*, 489 F.3d 517, 524 (2d Cir. 2007) (recognizing that "this court . . . has firmly embraced the commonsensical notion that striking similarities between affidavits are an indication that the statements are 'canned'"). And the IJ reasonably afforded limited weight to these affidavits because, in addition to the

5

striking similarities among them and the inconsistencies with Farhad's testimony, the authors were not available for cross-examination. *See Likai Gao*, 968 F.3d at 149.

Finally, contrary to Farhad's contention, the agency did not improperly fail to consider whether Farhad established a likelihood of *future* persecution based on pattern-or-practice country conditions evidence independent of his testimony regarding claims of past persecution. *See Paul v. Gonzales*, 444 F.3d 148, 154 (2d Cir. 2006) (holding that an adverse credibility determination as to past persecution does not foreclose a finding of a likelihood of future persecution "so long as the factual predicate of the applicant's claim of future persecution is independent of the testimony that the IJ found not to be credible." (emphases omitted)). As the Government argues, Farhad did not exhaust this issue before the BIA, and his argument to this Court rests on country conditions reports that were not in evidence before the IJ. In the face of the Government's timely objection, this Court cannot excuse Farhad's failure to exhaust and entertain arguments raised for the first time in his petition for review and based on evidence not presented to the agency. 8 U.S.C. § 1252(d)(1). *See Santos-Zacaria v. Garland*, 598 U.S. 411, 419, 423 (2023) (holding that administrative exhaustion requirement in 8 U.S.C. §

6

1252(d)(1) is a non-jurisdictional claim-processing rule subject to forfeiture); *Ud Din v. Garland*, 72 F.4th 411, 419 (2d Cir. 2023) (noting that § 1252(d)(1)'s exhaustion requirement is mandatory claim-processing rule that "court must enforce . . . if a party properly raises it" (quoting *Fort Bend County v. Davis*, 139 S. Ct. 1843, 1849 (2019))).

For the foregoing reasons, the petition for review is DENIED. All pending motions and applications are DENIED and stays VACATED.

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court